Brian S. King, #4610
James L. Harris, #8204
336 South 300 East, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936

brian@briansking.com
james@briansking.com

Attorneys for Plaintiffs

_____

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION
_____

| | | |
|---|---|---|
| **ISLAND VIEW RESIDENTIAL TREATMENT CENTER, LLC, and KATHRYN F. personally and as guardian of JASON G.,** | : : : : | |
| | : | **COMPLAINT** |
| **Plaintiffs,** | : : | |
| vs. | : : | |
| **BLUE CROSS OF CALIFORNIA,** | : : | |
| **Defendant.** | : | |

_____

Plaintiffs, through their undersigned counsel, complain and allege against Defendant as follows:

**PARTIES, JURISDICTION AND VENUE**

1. IVRTC is a Utah corporation with its principal place of business in Davis County, State of Utah. IVRTC is a licensed residential treatment center providing care and treatment to adolescents with mental, emotional and substance abuse diagnoses.

2.  Kathryn F. is a natural person residing in Santa Barbara, California[1]. Kathryn F. is the mother of Jason G. who received treatment at IVRTC in Utah.

3.  Jason G. is a natural person residing in Santa Barbara, California. At the time of his treatment at IVRTC, he was entitled to insurance through a group health insurance policy provided through his mother's employment.

4.  Blue Cross of California ("Blue Cross") is an insurance company doing business in the State of California. Blue Cross is the insurer and claims administrator for the group health insurance in place for Jason G. Blue Cross denied coverage for Jason G..'s treatment at IVRTC.

5.  This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. §1132(e)(1). IVRTC is located in the State of Utah, Jason G. received his care in the State of Utah, and the financial obligations in connection with that care were incurred in the State of Utah.

6.  Venue is appropriate pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

7.  The remedies Plaintiffs seek in this matter are for the health insurance benefits owed under the terms of the Blue Cross insurance policy for Jason G.'s treatment and care at IVRTC pursuant to 29 U.S.C. §1132(a)(1)(B), an award of prejudgment interest pursuant to U.C.A. §15-1-1 and attorney fees and costs as allowed for under 29 U.S.C. §1132(g).

---

[1] Based on the nature of the treatment provided by IVRTC and the need to prevent disclosure of protected health information under the Heath Insurance Portability and Accountability Act ("HIPAA"), tbe insured is referred to herein as " Kathryn F." and the minor child who was treated at IVRTC is referred to herein as "Jason G."

## FACTUAL BACKGROUND

8. Plaintiffs reallege and incorporate paragraphs 1 through 7 as though fully set forth herein.

9. Prior to his admission at IVRTC, Jason G. spent 91 days in a wilderness program in Southern Utah.

10. While Jason G. was in the Southern Utah treatment program, IVRTC was contacted with a request that Jason G. be treated at IVRTC following the completion of his wilderness program.

11. Staff at IVRTC contacted Blue Cross on September 21, 2005, to verify the existence and extent of benefits available for his treatment.

12. Blue Cross verified that Jason G. was a beneficiary under a group Blue Cross insurance policy, that coverage for serious mental illness was in place for Jason G. and instructed IVRTC to submit future claims through the local Blue Cross affiliate.

13. Blue Cross denied preauthorization of Jason G.'s admission and treatment at IVRTC.

14. At the time of his admission to IVRTC, December 21, 2005, Jason G. was a 16-year-old boy who had a history of emotional and physical abuse, depression, anxiety, and defiant behavior. He also had a significant learning disability and was not functioning in school, at home or socially. Jason G. also had a history of aggressive and violent interactions with his mother.

15. Following psychiatric examination and evaluation by professionals at IVRTC, Jason G. was diagnosed with major depressive disorder, parent/child relational problem,

      oppositional and defiant disorder, attention deficit hyperactive disorder, an additional learning disorder, and a possible diagnosis of narcissism.

16. Jason G. was treated at IVRTC from November 21, 2005 through July 28, 2006.

17. Blue Cross notified Jason G., in a letter dated December 28, 2005, that it had reviewed his request for precertification of his treatment and was upholding its denial of coverage based on the failure of Jason G. to meet Blue Cross' internal criteria for inpatient mental health treatment.

18. Blue Cross also sent a letter to IVRTC, dated December 28, 2005, in which it outlined Blue Cross's internal criteria for adolescent inpatient treatment, and Blue Cross stated that Jason G. did not satisfy the Blue Cross criteria. In addition, Blue Cross stated that IVRTC did not meet Blue Cross' criteria for an inpatient psychiatric residential treatment center.

19. In fact, Jason G. did meet the Blue Cross criteria. In addition, IVRTC meets Blue Cross's criteria for an inpatient psychiatric residential treatment center because IVRTC is a preferred provider for residential treatment in the Blue Cross network for Utah.

20. IVRTC, on behalf of Jason G. and his mother, appealed the denial of payment in a letter dated March 20, 2006, and included complete medical records and bills through the date of the letter. In its letter, IVRTC stated that Jason G. did meet the criteria for "Serious Emotional Disturbances of a Child," found in the Blue Cross policy.

21. Blue Cross responded to IVRTC and upheld its denial in a letter dated April 12, 2006.

22. In a letter dated April 13, 2006, IVRTC sent up-to-date medical records and bills for Jason G. to Blue Cross.

23. IVRTC sent updated medical records to Blue Cross again on July 19, 2006.

24. Jason G. was discharged from IVRTC on July 28, 2006, and the complete medical records for his treatment at IVRTC were sent to Blue Cross on September 22, 2006. At all times, Blue Cross has maintained its denial of payment.

25. The internal criteria on which Blue Cross relies to determine medical necessity is more limiting and/or restrictive than the criteria enumerated in the Blue Cross policy provided to Jason G. and his family.

26. The Plaintiffs have retained the law firm of Brian S. King to assist them in pursuing payment from Blue Cross for Jason G.'s medical expenses which should be covered under the terms of the insurance policy.

27. Expenses for Jason G.'s medical care and treatment at IVRTC exceed $81,620. In addition, the Plaintiffs have incurred attorney fees and costs in the litigation of this matter.

## CAUSE OF ACTION
(Claim for Recovery of Benefits Under 29 U.S.C. §1132(a)(1)(B))

28. Plaintiffs reallege and incorporate paragraphs 1 through 25 as though fully set forth herein.

29. The actions of Blue Cross in failing to pay for the treatment provided to Jason G. are violations of the provisions of the Blue Cross insurance policy and California state law.

      The terms of the Blue Cross insurance policy and California state law require payment for medical services of the type provided to Jason G.

30. The actions of Blue Cross have caused damage to the Plaintiffs in the form of a denial of payment for medical services rendered to Jason G. in an amount exceeding $81,620.

31. Blue Cross is responsible to pay Plaintiffs the benefits due under the terms of the insurance policy, together with attorney fees and costs pursuant to 29 U.S.C. §1132(g) and pre and post-judgment interest to the date of payment of the unpaid benefits.

WHEREFORE Plaintiffs pray for judgment against Defendant as follows:

1. An award of benefits owed for Jason G.'s treatment as covered under the terms of the Blue Cross insurance policy, in an amount to be determined at trial but exceeding $81,620, plus pre and post-judgment interest to the date of payment;

2. An award of attorney fees and costs pursuant to 29 U.S.C. §1132(g); and

3. Such further relief as the Court deems equitable.

DATED this 3rd day of January, 2007

                                              s/ Brian S. King
                                              Brian S. King
                                              Attorney for Plaintiffs

Plaintiffs' Addresses:

Syracuse, Utah

Santa Barbara, California